November 21, 1910.

————o————

5172.

(Court of Appeals, Parish of Orleans).

## SUCCESSION OF GEORGE W. KENDALL.

While stipulations of counsel with reference to the disposition of a cause should be liberally construed, still the meaning of a stipulation to the effect that a judgment might be rendered and signed in vacation, should not be so extended as to constitute said stipulation a waiver of citation in an appeal taken from said judgment during vacation.

Appeal from the Civil District Court, Division "C."

G. J. Untereiner, for appellee.

L. P. Bryant, for appellant.

GODCHAUX, J.—Appellant appeals from a judgment dismissing her proceeding upon an exception of no cause of action filed by the defendants. This exception of no cause of action was heard and the judgment maintaining same was rendered and signed during vacation under the following stipulation of the parties:

"It is agreed that this cause may be tried and judgment rendered herein and signed out of term time or during vacation."

Likewise during vacation the appellant, by a motion, and without praying for citation secured the order of appeal; and the transcript having been filed in this court, the appellee, more than three days after such filing,

moves to dismiss the appeal upon the ground that, the appeal having been taken during vacation, citation of appeal was necessary.

Appellant contends that this motion cannot be considered because presented more than three days after the filing of the transcript, but this contention cannot be sustained.

"And where there has been no citation of appeal it would be impossible to hold appéllee to the rule of filing motions to dismiss within three days. He is not before the appellate court at all until cited or given notice of appeal as provided by law. He is not supposed to know there is an appeal until cited, or given notice by the taking of the appeal in open court at the session of court whereat the judgment was rendered. But if he should happen to become apprised in some other way that an appeal had been petitioned for, an order granted, and the transcript filed in the appellate court, he may at any time appear and move its dismissal for want of notice or citation, where the appearance is for that sole purpose. It is such a motion as this that is now before us, * * * one predicated upon want of notice or citation.".

### Cockerham vs. Bosley, 52 An. 65.

Upon the merits of the motion it appears that the proceedings in question are not such as could have been disposed of by the lower court during its vacation; and the hearing of the cause as well as the rendition and signing of the judgment were obtained by a special and necessary stipulation of counsel to that effect.

It will be noted that the stipulation is not general in terms, but recites the particular things that can be done under it out of term-time. Its terms are restrictive and while, as a general rule, stipulation of counsel will be

liberally construed, no construction should be adopted which would extend the meaning thereof beyond what was clearly intended by the parties thereto. No mention is made in the stipulation of any waiver with respect to proceedings following the signing of the judgment, and such omission cannot in effect be supplied under the guise of a construction of the stipulation which will do violence to its terms.

"We cannot presume that the parties intended to waive citation of appeal. * * *

"In the Parish of Orleans, in cases of this kind, no proceeding can be had in vacation except by consent of parties. While such consent should be liberally construed, it should not be stretched to cover subsequent proceedings not mentioned in the stipulation and not a necessary sequence of the particular subject matter of the agreement."

**McGaw vs. O'Brien, 124 La. 189.**

The case of **Succession of Berfuse, 34 An. 599,** cited by appellant's counsel, has no application, for there the court held simply that all the proceedings had, including the rendition of the judgment and the prosecution of the appeal, took place during the legally prescribed term of the court.

The failure to pray for or obtain citation is fatal to the appeal and the same is accordingly dismissed.

November 21, 1910.

Rehearing refused December 5, 1910.